Affirmed and Memorandum Opinion filed June 13, 2006









Affirmed and Memorandum Opinion filed June 13, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00332-CR

_______________

 

DAVID JOSEPH EVANS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from County Criminal Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 1249625

                                                                                                                                               


 

M
E M O R A N D U M   O P I N I O N

David
Joseph Evans appeals a conviction for driving while intoxicated[1]
(ADWI@) on the grounds that: (1) the trial
court erred in denying his motion to suppress the audio portion of a videotape
recording; (2) the prosecution failed to correct a misrepresentation made by
the arresting police officer on cross-examination; and (3) the trial court
erroneously excluded an expert witness=s testimony.  We affirm.








Appellant=s first issue contends that the audio
portion of the roadside videotape recording[2]
was inadmissible because: (1) it was hearsay[3];
(2) the arresting officer=s verbal narrative on the videotape is the functional
equivalent of an offense report, which is excluded from the public records
exception to the hearsay prohibition[4];
and (3) the narrative was not admissible under the present sense impression
exception to the hearsay rule.[5]

We
review a trial court=s decision to admit or exclude evidence under an abuse of
discretion standard.  Shuffield v.
State, ___ S.W.3d ___, 2006 WL 335911, at *9 (Tex. Crim. App. 2006).  However, the admission of inadmissible
evidence does not require reversal if the same facts are proved by other proper
testimony.  Ramon v. State, 159
S.W.3d 927, 931 (Tex. Crim. App. 2004).

Here,
the only portion of appellant=s brief specifying the objectionable narrative statements is
in the statement of facts:








The tape shows that, several times during the
interview, Trooper Martinez [the arresting officer] stepped away from the
appellant and narrated his conclusions about the appellant=s performance. 
After the abortive attempt at the HGN test, Martinez stated on tape that
the appellant Arefuses to submit to the HGN@ (Tape 1:53:27). 
He added that the appellant Awon=t follow directions@ (Tape
1:53:34).  After the Awalk and turn@ test,
Martinez said, ALet me just narrate here@ (Tape
1:56:58).  Instead of simply stating the
number of steps the appellant took, Martinez stated his conclusion that Asubject took wrong number@ of steps (Tape 1:57:01).  Following the one-leg stand, Martinez
dictated the appellant=s perceived failures on that test (Tape 1:59:54).  He added that the appellant Astaggers as he walks,@ a
debatable conclusion which did not appear to relate to a particular test (Tape
2:00:30).

However, the
videotape was admitted at trial after the jury had already heard Martinez
testify to virtually the same matters on direct examination without objection.[6]  Because the complained-of narrative on the
videotape was therefore merely cumulative of Martinez=s testimony on direct examination,
any error in its admission does not require reversal.  See id.  Accordingly, appellant=s first issue is overruled.

Appellant=s second issue argues that his
conviction should be reversed because misleading testimony given by Martinez on
cross-examination, that appellant=s performance on field sobriety tests
was evidence of an alcohol concentration more than .08, was not corrected by
the State.  However, appellant cites no
authority imposing a duty on prosecutors to correct incorrect or inadmissible
testimony elicited by a defendant on cross-examination of a prosecution
witness.[7]  Accordingly, this issue presents nothing for
our review and is overruled.








Appellant=s third issue complains that the
trial court violated his right to present a complete defense by prohibiting his
presentation of an expert witness=s testimony to correct the erroneous
assertion by Martinez that appellant=s field sobriety testing provided
proof beyond a reasonable doubt of a blood alcohol concentration above .08.

A
trial court=s decision to admit or exclude
scientific evidence is reviewed for abuse of discretion.  Morales v. State, 32 S.W.3d 862, 865
(Tex. Crim. App. 2000).  A witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify in the form of an opinion or otherwise on scientific, technical, or
other specialized knowledge if it will assist the trier of fact to understand
the evidence or to determine a fact in issue. 
Tex. R. Evid. 702.

  Outside the presence of the jury, appellant
established that this witness would testify that he had measured appellant=s breath alcohol concentration over a
period of three to four hours while appellant consumed five beers, which is the
amount of alcohol he admitted to having consumed before his arrest.  However, because appellant=s brief does not explain how the
witness was qualified as an expert on blood alcohol concentration or how his
testing methodology was scientifically reliable and relevant based on its
similarity to the facts in issue,[8]
it affords us no basis to conclude that the trial court abused its discretion
in excluding this testimony. 
Accordingly, appellant=s third issue is overruled, and the judgment of the trial
court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed June 13, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           A jury
convicted appellant, and the trial court assessed a 180 day sentence, but
suspended it, assessed a fine of $300, and 
placed appellant on community supervision for one year.





[2]           Appellant
does not contest the admission of the video portion of the recording.





[3]           Hearsay
is a statement, other than one made by the declarant while testifying at trial,
offered in evidence to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d). 





[4]           Public
records and reports, in any form, are excepted from the hearsay exclusion if
they set forth matters observed under a legal duty to report such matters,
excluding, in criminal cases, matters observed by police officers and other law
enforcement personnel. Tex. R. Evid. 803(8)(B).
The exclusionary clause, which excludes from this hearsay exception matters
observed by police officers, applies where possible impairment of judgment is
implicated, such as observations made by officers at the scene of a crime.  See Pondexter v. State, 942 S.W.2d
577, 585 (Tex. Crim. App. 1996). 





[5]           A
statement describing or explaining an event or condition made while the
declarant was perceiving the event or condition, or immediately thereafter, is
not excluded by the hearsay rule, even though the declarant is available as a
witness.  Tex. R. Evid. 803(1). 
The present sense impression exception to the hearsay rule is based upon
the underlying premise that the contemporaneity of the event and the
declaration ensures reliability of the statement.  Brooks v. State, 990 S.W.2d 279, 287
(Tex. Crim. App. 1999).  

 





[6]           For
example, when questioned by the State about his inability to perform the HGN
test on appellant, Martinez stated, AThe
[appellant] was uncooperative.  He would
not follow the instructions.  He would
not follow the tip of the pen with his eyes. 
He just looked straight ahead.@  In answering questions about appellant=s performance on the walk and turn test, Martinez
indicated that appellant Atook the wrong number of steps.@  Martinez also
stated that appellant  had difficulty
balancing when being instructed about the test, could not walk heel to toe,
stepped off the line, and used his arms for balance.  Finally, Martinez testified that appellant
failed both the walk-and-turn test and the one-leg stand test.





[7]           Instead,
appellant relies on authority holding that the prosecution=s deliberate deception by affirmatively
presenting known false evidence violates a defendant=s due process rights. 
See Banks v. Dretke, 540 U.S. 668, 694 (2004).  In addition, defense counsel did not object
to the testimony, request an instruction to disregard, request a mistrial, or
otherwise provide the trial court an opportunity to make a ruling on the
matter.





[8]           The
jury charge in this case defined intoxicated as Anot
having the normal use of mental or physical faculties by reason of the
introduction of alcohol into the body@ and did
not include any quantitative definition of intoxication.